UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | NO. CIV. 2:10-2517 WBS KJN |
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION TO STRIKE & REQUEST FOR SANCTIONS |
| v. | |
| CARMEN DELGADO, individually and d/b/a SUPER BURRITO TACQUERIA, | |
| Defendant. | |

----oo0oo----

Plaintiff J & J Sports Productions, Inc., brought this action against defendant Carmen Delgado, individually and doing business as Super Burrito Taqueria, arising from defendant's allegedly unauthorized public exhibition of a sporting event television program. Plaintiff moves to strike defendant's three affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff also requests that the court sanction defendant pursuant to 28 U.S.C. § 1927 for filing unfounded affirmative

1

defenses.

I.   Factual and Procedural Background

Plaintiff was granted the "exclusive nationwide commercial distribution (closed-circuit) rights" to "'Number One': The Floyd Mayweather, Jr. v. Juan Manuel Marquez Championship Fight Program" ("Program"), which was televised on September 19, 2009.  (Compl. ¶ 9 (Docket No. 1).)  Plaintiff subsequently entered into sublicensing agreements with commercial entities in the hospitality industry, including restaurants, authorizing the sublicensee to publicly exhibit the Program. (Id. ¶ 10.)  Defendant allegedly "unlawfully intercept[ed], receive[d], publish[ed], divulge[d], and/or exhibit[ed]" the Program at the time of transmission "at her commercial establishment" in Woodland, California.  (Id. ¶ 12.)  Plaintiff alleges that defendant knew her conduct was unauthorized and that defendant's conduct "was done wilfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain."  (Id. ¶ 12-13.)

On September 16, 2010, plaintiff filed this action against defendant, asserting four claims for violations of (1) 47 U.S.C. § 605 (unauthorized publication or use of communications); (2) 47 U.S.C. § 553 (unauthorized reception of cable service); (3) California common law conversion; and (4) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. On October 22, 2010, defendant filed an answer in which she asserted three affirmative defenses.  Defendant alleged: (1) "Defendant is informed and believes and on that basis alleges that the Complaint does not state facts sufficient to constitute

2

a cause of action against this answering Defendant"; (2) "Plaintiff Corporation, was at all times mentioned in the Complaint, itself guilty of negligence or fault and such negligence or fault on the part of Plaintiff proximately caused and contributed to its own damages, if any at all"; and (3) "Plaintiff Corporation failed and neglected to use reasonable care to minimize and mitigate its losses, injuries, and damages, if any at all."[1] (Def.'s Answer to Compl. for Compensatory, Statutory, & Other Damages, Atty. Fees, and Injunctive Relief at 7:13-27 (Docket No. 6).)  Presently before the court is plaintiff's motion to strike the three affirmative defenses pursuant to Rule 12(f) and request for sanctions pursuant to 28 U.S.C. § 1927.

II. Discussion

Pursuant to Rule 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The purpose of the rule is to avoid the costs that accompany litigating spurious issues by dispensing with those issues prior to trial.  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  "Motions to strike are generally viewed with disfavor and are not frequently granted.  Courts must view the pleading under attack in the light more favorable to the pleader."  Garcia ex rel. Marin v. Clovis Unified School Dist., No. 1:08-CV-1924 AWI SMS, 2009 WL 2982900, at *23 (E.D. Cal.

---

[1] The court will refer to these affirmative defenses as (1) failure to state a claim, (2) comparative fault, and (3) failure to mitigate.

Sept. 14, 2009) (internal citation omitted). "[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." Hernandez v. Balakian, No. CV-F-06-1383 OWW DLB, 2007 WL 1649911, at *1 (E.D. Cal. June 1, 2007) (internal quotation marks omitted).

To determine that a defense is insufficient as a matter of law, "the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." Schmidt v. Pentair, Inc., No. C08-4589, 2010 WL 4607412, at *2 (N.D. Cal. Nov. 4, 2010). In other words, a motion to strike based on legal insufficiency "will not be granted unless it appears to a certainty that plaintiff[] would succeed despite any state of the facts which could be proved in support of the defense." Griffin v. Gomez, No. C 98-21038, 2010 WL 4704448, at *4 (N.D. Cal. Nov. 12, 2010). Denials that are improperly pled as defenses should not be stricken on that basis alone. Mattox v. Watson, No. CV 07-5006, 2007 WL 4200213, at *1 (C.D. Cal. Nov. 15, 2007) (noting that the authority on this issue is sparse); see also Smith v. Wal-Mart Stores, No. C 06-2069, 2006 WL 2711468, at *9-10 (N.D. Cal. Sept. 20, 2006).

"Immaterial" matter is matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation mark omitted), rev'd on other grounds, 510 U.S. 517 (1994). "Impertinent" matter is defined as "statements that do not pertain, and are not necessary, to the

4

issues in question." <u>Fantasy, Inc.</u>, 984 F.2d at 1527.

Failure to state a claim is not an affirmative defense.[2] <u>Montanez</u>, 2010 WL 5279907, at *1 ("Failure to state a claim is an assertion of a defect in Plaintiff's prima facie case, not an affirmative defense."); <u>Alvarado</u>, 2010 WL 4746165, at *2. A defendant may file an appropriate motion to dismiss for failure to state a claim upon which relief may be granted, and asserting it as a defense in the answer is not a necessary prerequisite to bringing such a motion. Accordingly, the court will grant plaintiff's motion to strike this affirmative defense.

Comparative fault is not a recognized defense to any of the four claims in the Complaint. <u>See</u> <u>J & J Sports Prods., Inc. v. Jimenez</u>, No. 10cv0866, 2010 WL 5173717, at *3 (S.D. Cal. Dec. 15, 2010) (striking comparative fault affirmative defense as immaterial); <u>Enedina Soto</u>, 2010 WL 3911467, at *2 (striking defense as "inapplicable"); <u>G & G Closed Circuit Events, LLC v. Nguyen</u>, No. 10-CV-00168, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010) (striking defense as immaterial or impertinent). Accordingly, the court will strike the comparative fault affirmative defense.

With respect to the affirmative defense of failure to

---

[2] The court is aware that some other judges in this district have denied motions to strike a failure to state a claim defense raised as an affirmative defense. <u>See</u> <u>Robinson v. Adams</u>, No. 1:08-cv-01380 GSA, 2009 WL 4042894, at *1 (E.D. Cal. Nov. 20, 2009); <u>Brewer v. Salyer</u>, No. 1:06cv1324 DLB, 2007 WL 2505573, at *2 (E.D. Cal. Aug. 31, 2007) ("Rule 12(h)(2) provides that the defense of failure to state a claim may be made in any pleading permitted or ordered under Rule 7(a), which includes an answer. The defense is therefore not legally insufficient. Further, the Court has not ruled on the legally sufficiency of the amended complaint . . . ."); <u>Hernandez v. Balakian</u>, No. CV-F-06-1383 OWW DLB, 2007 WL 1649911 (E.D. Cal. June 1, 2007).

5

mitigate, the court concludes that plaintiff has fair notice of the defense and thus it is sufficient as a matter of pleading. As to the legal sufficiency of the defense, the duty to mitigate generally arises when an injured party could have prevented the continuation or enhancement of the injury.  See <u>Valle De Oro Bank v. Gamboa</u>, 26 Cal. App. 4th 1686, 1691 (4th Dist. 1994).  The court recognizes that the failure to mitigate affirmative defense has been stricken in similar cases.  <u>See, e.g.</u>, <u>Montanez</u>, 2010 WL 5279907, at *1.  Nonetheless, at this stage, the court declines to strike the affirmative defense.  Neither party has specifically addressed the applicability of the failure to mitigate affirmative defense to plaintiff's claim for restitution under the UCL, and plaintiff has alleged that defendant caused it to lose current, previous, and potential customers.  (Compl. ¶ 34.)  The court is not "convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." <u>Schmidt</u>, 2010 WL 4607412, at *2.

　　　　IT IS THEREFORE ORDERED that plaintiff's motion to strike be, and the same hereby is, GRANTED with respect to the affirmative defenses of failure to state a claim and comparative fault and DENIED with respect to the affirmative defense of failure to mitigate.  IT IS FURTHER ORDERED that plaintiff's request for sanctions be, and the same hereby is, DENIED.

DATED: January 18, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE